UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DARNELL WAYNE ROBERTS, | No. CV 11-08694-VBK |
| Petitioner, | MEMORANDUM AND ORDER |
| v. | |
| TERI GONZALEZ, | |
| Respondents. | |

**<u>INTRODUCTION</u>**

On October 20, 2011, Darnell Wayne Roberts (hereinafter referred to as "Petitioner"), a California state prisoner proceeding <u>pro</u> <u>se</u>, filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. § 2254 ("Petition").[1]  Petitioner also filed a

---

[1] The Court takes notice that Petitioner signed and verified his Federal Petition on October 17, 2011.  Under the "mailbox rule" of <u>Houston v. Lack</u>, 487 U.S. 266, 108 S.Ct. 2379 (1988), an incarcerated <u>pro</u> <u>se</u> prisoner's Notice of Appeal is deemed filed at the moment of delivery to prison authorities for mailing to the Court.  The "mailbox rule" has been extended to both state and federal habeas petitions for purposes of satisfying the AEDPA limitations.  See <u>Miles v. Prunty</u>, 187 F.3d 1104, 1106 n.2 (9th Cir. 1999), opining <u>in</u> <u>dicta</u> that the "mailbox rule would apply to a [state prisoner's] habeas petition and that a majority of our sister circuits have determined that the rule applies to

"Consent to Proceed Before a United States Magistrate Judge." In accordance with the Court's Order Requiring Response to Petition, on January 18, 2012, Respondent filed a "Motion to Vacate Order Requiring Response to Petition; Memorandum of Points and Authorities" and "Notice of Lodgment", contending that the Petition should be dismissed on the grounds that it is a second or successive petition and Petitioner failed to comply with the requirements surrounding successive petitions set forth in 28 U.S.C. §2244(b)(1) and 3(A), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Respondent also filed a "Consent to Proceed Before a United States Magistrate Judge."

On January 20, 2012, the Court issued a Minute Order ordering Petitioner to file an Opposition or Statement of Non-Opposition. Petitioner failed to timely file a Response to the Court's Minute Order.

Having reviewed the allegations in the Petition, Respondent's Motion to Vacate Order Requiring Response to Petition and the matters set forth in the record, it is **HEREBY ORDERED** that the Motion to Vacate Order Requiring Response be granted and the matter be dismissed.

**PRIOR PROCEEDINGS**

On May 8, 2003, Petitioner pled <u>nolo contendere</u> in the Los Angeles County Superior Court to three counts of robbery with use of a handgun in violation of California Penal Code ("PC") §§211, 12022.53(b) and 12022.5. Petitioner admitted prior strike allegations pursuant to PC §667(a)(1). Petitioner was sentenced to prison for thirty-three (33) years and four months. (Respondent's Lodgment No. 1; <u>see</u> Petition at 2.)

Petitioner did not appeal his conviction to the California Court of

---

habeas petitions filed under AEDPA."

Appeal. (See Petition at 2.)

On September 26, 2007, Petitioner filed a "Petition for Writ of Habeas Corpus" in the United States District Court for the Central District of California which was given Case No. CV 07-06251-GPS (VBK).[2] (Respondent's Lodgment 2.) Respondent moved to dismiss the Petition on the grounds it was untimely under 28 U.S.C. § 2244(d)(1). On February 8, 2008, a Report and Recommendation of United States Magistrate Judge was issued recommending the Petition be dismissed as untimely. (Respondent's Lodgment No. 3.) On July 20, 2008, United States District Judge George P. Schiavelli adopted the findings of the Magistrate Judge (Respondent's Lodgment No. 4) and entered Judgment dismissing the Petition with prejudice. (Respondent's Lodgment No. 5.)

**PETITIONER'S CONTENTIONS**

Petitioner contend the following, inter alia:

1.  Petitioner's Sixth Amendment right to a fair trial under the Apprendi, Blakely and Cunningham rules were violated. (See Petition at 5.)

**DISCUSSION**

In the Motion to Vacate Order Requiring Response, Respondent contends that the Petition should be dismissed because it is a second or successive petition as set forth in 28 U.S.C. §2244(b)(1), (2) and (3)(A).

//

---

[2] See, Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988)(a court may take judicial notice of its own files and records).

  **A.** **Petitioner Is Barred From Filing A Second Or A Successive Petition Without Authorization From The Ninth Circuit Court Of Appeals.**

  The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. §2244(b) to read, in pertinent part, as follows:

> "(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>  (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>  (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>  (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
>
> (3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>."

1    The Court takes judicial notice of its own files and records and
2 notes that on September 26, 2007 Petitioner filed a habeas petition in
3 the United States District Court, which was given Case No. CV 07-06251-
4 GPS (VBK). (Respondent's Lodgment No. 3.) Judgment was entered
5 dismissing the Petition with prejudice on July 22, 2008. (Respondent's
6 Lodgment No. 5.)
7    The Petition now pending constitutes a second and/or successive
8 petition challenging the same conviction as Petitioner's prior habeas
9 petition, within the meaning of 28 U.S.C. §2244(b). The AEDPA has
10 "established a stringent set of procedures that a prisoner 'in custody
11 pursuant to a judgment of a state court' ... must follow if he wishes to
12 file a 'second or successive' habeas corpus application challenging that
13 custody." Burton v. Stewart, 549 U.S. 147, 152, 127 S.Ct. 793 (2007).
14 "Failure to comply with the gatekeeping requirements of 28 U.S.C. §
15 2244(b) deprives the District Court of jurisdiction to hear Petitioner's
16 claims." (Id. at 149.)
17     Before a second or successive petition is filed in the District
18 Court, a §2254 applicant is required to seek and obtain an Order from
19 the Circuit Court authorizing the filing of the petition. 28 U.S.C.
20 §2244(b)(3)(A). Petitioner's failure to do so deprives the Court of
21 subject matter jurisdiction.
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that (1) Respondent's Motion to Vacate Order Requiring Response to Petition is granted; and (2) Judgment is entered denying and dismissing the Petition.

DATED: February 27, 2012                /s/
                                        VICTOR B. KENTON
                                        UNITED STATES MAGISTRATE JUDGE